# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR VILLAESCUSA, | 1:10-cv-00224-OWW-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| F. GONZALEZ, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 11, 2010.  (Doc. 1.)  Petitioner contends that his due process rights were violated during the re-validation process and there was insufficient evidence to validate him as active prison gang member.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

1  Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. §
2  1983 is the proper method for a prisoner to challenge the conditions of that confinement.
3  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at
4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
5     In this case, Petitioner is challenging his placement and prison-gang validation process
6  and requests relief in the expungement of the gang affiliation and placement in the Security
7  Housing Unit. Petitioner is challenging the conditions of his confinement, not the fact or
8  duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this
9  petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by
10 way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

11                               <u>RECOMMENDATION</u>

12     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
13 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
14 corpus relief.
15     This Findings and Recommendation is submitted to the assigned United States District
16 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
17 the Local Rules of Practice for the United States District Court, Eastern District of California.
18 Within thirty (30) days after being served with a copy, any party may file written objections with
19 the court and serve a copy on all parties. Such a document should be captioned "Objections to
20 Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
21 and filed within fourteen (14) days after service of the objections. The Court will then review the
22 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that
23 failure to file objections within the specified time may waive the right to appeal the District
24 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
25
26 IT IS SO ORDERED.
27 **Dated:    February 23, 2010**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE
28